FILED by D.C.

ELECTRONIC

**APR. 29, 2008**

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

CASE NO. _____

## 08-14155-CIV-GRAHAM/LYNCH

SHERNETTA BRYANT,

    Plaintiff,

v.

MCDONALD'S CORPORATION,

    Defendant.

_____/

### DEFENDANT'S NOTICE OF REMOVAL

Defendant, McDonald's Corporation ("McDonald's"), pursuant to 28 U.S.C. §§ 1332, 1367, 1441, and 1446, hereby gives notice of the removal of this action to the United States District Court for the Southern District of Florida, and in support of its Notice states:

**1.    State Court Action**

Plaintiff initiated an action that is still pending in the Circuit Court of the Nineteenth Judicial Circuit in and for Indian River County, Florida, styled *Shernetta Bryant v. McDonald's Corporation*, and designated Case No. 20080772CA17. Plaintiff filed that action on April 3, 2008. *See* Tab A, Complaint.

**2.    Defendant's Receipt of Plaintiff's Complaint**

Copies of the Complaint and Summons in this action were served on McDonald's on April 14, 2008.

### 3.     Nature of The Action in Plaintiff's Complaint

In the Complaint, Plaintiff asserts claims against McDonald's for alleged sex discrimination and retaliation in violation of Florida Civil Rights Act of 1992, Fla. Stat. § 760.10 ("FCRA") as well as retaliation in violation of Florida's Private Whistleblower Act ("FWA").  Plaintiff's claims relate to her employment with McDonald's and the circumstances surrounding her separation of employment from McDonald's.  *See* Tab A, Complaint at ¶¶ 13-17.  More specifically, Plaintiff claims that her supervisor sexually harassed her and created a hostile work environment.  *See* Tab A, Complaint at ¶¶ 14, 18-25.  Plaintiff further alleges that she was retaliated against after complaining to McDonald's about her supervisor's sexual harassment, and that McDonald's failed to take any action in response to Plaintiff's alleged complaints.  *See* Tab A, Complaint at ¶¶ 15-17, 26-32.  Plaintiff seeks damages for back pay and benefits, interest on back pay and benefits, front pay and benefits, compensatory damages, pecuniary and non-pecuniary losses, punitive damages, and attorney's fees and costs.  *See* Tab A, Complaint ¶¶ 25, 28 & 32 and *ad damnum* clause.

### 4.     Removal of State Court Actions

Under 28 U.S.C. § 1441(a), "any civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending."  As demonstrated below, this action is removable under 28 U.S.C. § 1441(a) in that the district court would have original jurisdiction under 28 U.S.C. § 1332 (diversity of citizenship).

**5.      Diversity of Citizenship**

Pursuant to 28 U.S.C. § 1332(a), "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between – (1) citizens of different States . . ."

a.      Diversity of Citizenship

Plaintiff is a citizen of the State of Florida for purposes of 28 U.S.C. § 1332(a)(1).[1]  *See* Tab A, Complaint ¶ 3.  Plaintiff was, and has been at all material times, a resident of the State of Florida.  *Id*.  Pursuant to 28 U.S.C. § 1332(c)(1), a corporation is deemed to be a citizen of any state in which it has been incorporated and of any state where it has its principal place of business.  McDonald's is a corporation incorporated in the State of Delaware with its principal place of business in the State of Illinois.  *See* Tab B, Declaration of Kathleen Naatz; *see also* Tab A, Complaint ¶ 4. Thus, there is complete diversity of citizenship between Plaintiff and McDonald's.

b.      Amount in Controversy

Plaintiff's Complaint alleges damages in excess of $15,000 as required by Florida law to meet the jurisdictional requirement for filing in the Circuit Court in Florida.  *See, e.g., Burns v. Hacker*, 729 So.2d 398 (Fla. 5th DCA 1998).  Where, as in the instant case, the plaintiff has made an unspecified demand for damages in state court, the removing defendant need only establish by a preponderance of the evidence that the amount in

---

[1] "Under the diversity statute, . . . a person is a 'citizen of a state' if he or she is (1) a citizen of the United States and (2) a domiciliary of a state of the United States." *Gibbons v. Udaras na Gaeltachta*, 549 F. Supp. 1094, 1116 n.12 (S.D.N.Y. 1982); *see also* BLACK'S LAW DICTIONARY 244 (6th Ed. 1990) (*citing Gibbons*).

controversy more likely than not exceeds the jurisdictional amount for diversity jurisdiction. *See Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001).

In meeting this burden, both the Eleventh Circuit and the Fifth Circuit have made it clear that a federal court considering a petition for removal is *not* limited to reviewing the allegations in the complaint. *See Davis v. Cluet, Peabody & Co.*, 667 F.2d 1371, 1373 (11th Cir. 1982) (federal question jurisdiction); *see also Villarreal v. Brown Express, Inc.*, 529 F.2d 1219, 1221 (5th Cir. 1976) (removal); *accord* 14A Charles Alan Wright, Arthur R. Traverso & Edward H. Cooper, *Federal Practice & Procedure* ¶3725, at 423-24 (2d ed. 1985). Courts have routinely gone beyond the pure allegations contained in the complaints before them to determine whether the jurisdictional amount set forth in §1332(a) has been met. *See, e.g., Sierminski v. Transouth Fin. Corp.*, 216 F.3d 945, 949 (11th Cir. 2000) (when necessary, even allowing the district court "to consider post-removal evidence in assessing removal jurisdiction"); *see also Baker v. Firestone Tire & Rubber Co.*, 537 F. Supp. 244, 245-47 (S.D. Fla. 1982). "[I]f a reasonable reading of the complaint discloses that the sum in controversy does in fact exceed [the jurisdictional amount,] the jurisdictional amount will be found to exist." *Estevez-Gonzalez v. Kraft, Inc.*, 606 F. Supp. 127, 129 (S.D. Fla. 1985). Otherwise, any plaintiff could avoid federal court by not specifying an amount of damages, as Plaintiff attempts to do in this case.

A reasonable reading of this Complaint shows that Plaintiff seeks damages in excess of $75,000. Specifically, Plaintiff claims that she was subject to sexual harassment and retaliation in violation of the FCRA, as well as retaliation in violation of

4

MORGAN, LEWIS & BOCKIUS LLP
5300 WACHOVIA FINANCIAL CENTER, 200 S. BISCAYNE BOULEVARD, MIAMI, FLORIDA 33131-2339 · TELEPHONE (305) 415-3000

the FWA, and Plaintiff requests damages for back pay, interest, front pay, compensatory damages, pecuniary and non pecuniary damages, punitive damages, and attorney's fees and costs. *See* Tab A, Complaint a ¶¶ 25, 28 & 32 and *ad damnum* clause. Thus, there are at least three bases for finding that the jurisdictional amount has been met under 28 U.S.C. § 1332(a).

First, Plaintiff is seeking back pay, front pay, benefits, interest, compensatory damages, pecuniary and non-pecuniary losses which in their totality exceed the $75,000 threshold for diversity jurisdiction. Assuming Plaintiff earned minimum wage during her employment, her back pay damages for approximately the past ten months since her termination would be almost $11,000. In addition, Plaintiff is seeking front pay, lost benefits and interest. Moreover, courts routinely find that where litigants, like Plaintiff, such as here, are seeking compensatory damages, such types of damages include mental anguish, pain and suffering, emotional distress, humiliation, embarrassment, etc., are sufficient to establish the jurisdictional amount for a diversity action under a reasonable reading of the Complaint. *See Estevez-Gonzalez,* 606 F. Supp. at 129; *see also Harmony Homes, Inc. v. United States*, 890 F. Supp. 1032, 1034 (M.D. Fla. 1995). The "amount in controversy" represents what a judge or jury could award. *See Archer v. Kelly*, 271 F. Supp. 2d 1320, 1323 (N.D. Okla. 2003); *see also Dunlap v. New York Life Ins. Co.*, 958 F. Supp. 589 (M.D. Fla. 1997). Here, given that Plaintiff is seeking multiple types of damages consisting of back pay, front pay, compensatory damages, pecuniary and non-pecuniary damages, there is no doubt that the amount in controversy exceeds the statutory amount required for diversity jurisdiction. *See Barnes v. JetBlue Airways Corp.*, No. 07-

60441-CIV-COHN, 2007 WL 1362504 (S. D. Fla. May 7, 2007) (computing plaintiff's lost wages from the date of termination through the date of filing and estimating emotional distress damages and attorney's fees and concluding that the total amount in controversy is more likely than not to exceed $75,000).

Second, the "punitive damages" requested by Plaintiff must be considered when determining whether the amount in controversy is met. *See Bell v. Preferred Life Assurance Soc'y*, 320 U.S. 238, 240, 64 S. Ct. 5, 88 L. Ed. 15 (1943); *Holley Equip. Co. v. Credit Alliance Corp.*, 821 F.2d 1531, 1535 (11th Cir. 1987). The maximum punitive damage award allowable under the FCRA is $100,000. Thus, Plaintiff's request for punitive damages under the FCRA, alone, satisfies the "amount in controversy" requirement. *Id.*

Third, the Eleventh Circuit also has stated that "[w]hen a statute authorizes the recovery of attorney's fees, a reasonable amount of those fees is included in the amount in controversy." *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1265 (11th Cir. 2000); *Cohen*, 204 F.3d 1069. The FCRA provides for a statutory basis for recovery of reasonable attorney's fees as damages. *See* § 760.11(5), Fla. Stat. In addition, the FWA provides a statutory basis for recovery of reasonable attorney's fees as damages. *See* § 448.104, Fla. Stat. Thus, since attorney's fees are permitted by applicable law and are requested here, they should also be included in analyzing the amount in controversy. *See Morrison*, 228 F.3d at 1265.

Based on a reasonable reading of Plaintiff's Complaint, and including all the alleged damages requested in each of the categories, McDonald's has shown by a

1-MI/618055.1

6

**MORGAN, LEWIS & BOCKIUS LLP**
5300 WACHOVIA FINANCIAL CENTER, 200 S. BISCAYNE BOULEVARD, MIAMI, FLORIDA 33131-2339 • TELEPHONE (305) 415-3000

6 of 24

preponderance of the evidence that the amount in controversy easily exceeds $75,000, exclusive of interest and costs. Thus, this Court has original jurisdiction over Plaintiff's FCRA and FWA claims under 28 U.S.C. § 1332(a), and this case is properly removed to this Court pursuant to 28 U.S.C. § 1441(a).

### 6. Venue

The Fort Pierce Division of the United States District Court for the Southern District of Florida is the judicial district embracing the place where the state court action is pending. *See* 28 U.S.C. § 89(c) and §§ 1441(a) and 1446(a); 28 U.S.C. U.S. Dist. Ct. (S.D. Fla.) Local Rule 3.4D; Tab A, Complaint at ¶ 2. The Southern District of Florida is therefore the proper district court to which this case should be removed.

### 7. Timeliness of Notice of Removal

Pursuant to 28 U.S.C. § 1446(b), this removal is timely because 30 days have not elapsed since McDonald's received Plaintiff's Complaint.

### 8. State Court Pleadings

Pursuant to 28 U.S.C. § 1446(a), with this Notice, McDonald's is simultaneously filing copies of all process, pleadings, and orders existing on file in the State court in this removed action. A copy of the List of Removal Documents, without attachments, is attached at Tab C. Further, pursuant to 28 U.S.C. § 1446(d), McDonald's filed a true and correct copy of this Notice of Removal with the Clerk of the Circuit Court of the Nineteenth Judicial Circuit in and for Indian River County, Florida. A copy of the Notice of Filing Notice of Removal, without attachments, is attached at Tab D.

Dated this 29th day of April, 2008.

Respectfully submitted,

_____

Anne Marie Estevez
  Florida Bar No. 991694
  *Email: aestevez@morganlewis*.com
Madid C. Gonzalez
  Fla. Bar No. 338760
  *E-Mail: mcgonzalez@morganlewis.com*
Morgan, Lewis & Bockius LLP
Counsel for Defendant
5300 Wachovia Financial Center
200 South Biscayne Boulevard
Miami, FL 33131-2339
Telephone: 305.415.3330
eFacsimile: 877.432.9652

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished via U.S. Mail to Wolfgang M. Florin, Esquire and Christopher D. Gray, Esquire, Florin Roebig, P.A., 2255 Glades Road, Suite 324A, Boca Raton, Florida 33431, this 29th day of April, 2008.

_____

Madid C. Gonzalez

MORGAN, LEWIS & BOCKIUS LLP

5300 WACHOVIA FINANCIAL CENTER, 200 S. BISCAYNE BOULEVARD, MIAMI, FLORIDA 33131-2339 • TELEPHONE (305) 415-3000

# TAB A

IN THE CIRCUIT COURT FOR THE NINETEENTH JUDICIAL CIRCUIT
IN AND FOR INDIAN RIVER COUNTY, FLORIDA
CIVIL DIVISION

SHERNETTA BRYANT,

    Plaintiffs,

vs.                                                    CASE NO.:

MCDONALD'S CORPORATION,                   20080772 CA 17

    Defendants.                          ASSIGNED TO ROBERT A. HAWLEY

_____/

## **COMPLAINT**

Plaintiffs, SHERNETTA BRYANT, by and through her undersigned attorneys, hereby sue

the Defendant, MCDONALDS CORPORATION and alleges as follows:

### **JURISDICTION AND VENUE**

1.    This is an action for damages in excess of $15,000.00.

2.    Venue lies within Indian River County because a substantial part of the events giving

rise to this claim arose in this Judicial District.

### **PARTIES**

3.    Plaintiff, SHERNETTA BRYANT, at all times material hereto,  was a resident of

Indian River County, Florida.

4.    Defendant, MCDONALD'S CORPORATION, is a foreign corporation licensed and

authorized to conduct business in the State of Florida and doing business within Indian River

County.

5.    Defendant, MCDONALD'S CORPORATION is an employer as defined by the laws

under which this action is brought and employs the required number of employees.

1

## ADMINISTRATIVE PREREQUISITES

6.    All conditions precedent to bringing this action have occurred.

7.    Plaintiff timely filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR"). A copy of the charge is attached as Exhibit "A".

8.    More than 180 days have passed since the filing of this charge.

## GENERAL ALLEGATIONS

9.    At all times material, Defendant acted with malice and with reckless disregard for Plaintiff's State protected rights.

10.    At all times material, Plaintiff was qualified to perform her job duties within the legitimate expectation of her employer.

11.    Plaintiff has been required to retain the undersigned counsel to represent her in this action and is obligated to pay them a reasonable fee for their services.

12.    Plaintiff requests a jury trial for all issues so triable.

## FACTS

13.    Plaintiff was hired by Defendant in January, 2007 as a cashier.

14.    During Plaintiff's employment, Plaintiff was subjected to sexual harassment and inappropriate behavior from her store manager, Kurt Doolittle.

15.    Although Plaintiff complained to management, nothing was done.

16.    After Plaintiff made her complaint to Human Resources she was retaliated against. The retaliation included reduced hours and a transfer to a store further from Plaintiff's home.

17.    In July, 2007, Plaintiff was constructively discharged from her position.

2

## COUNT 1
## FLA. STAT. CHAPTER 760 – SEXUAL HARASSMENT

18.    Plaintiff realleges and adopts the allegations stated in Paragraphs 1 – 17.

19.    Plaintiff is a member of a protected class.

20.    The aforementioned actions by Defendant constitute unwelcome sexual harassment.

21.    The harassment was sufficiently severe and/or pervasive to alter the terms and conditions of Plaintiff's employment.

22.    The Defendant knew of or should have known of the harassment to Plaintiff.

23.    The aforementioned actions constitute discrimination on the basis of sex, in violation of Florida Statutes Chapter 760.

24.    The Defendant's actions were intentional and encouraged in an environment where degradation based on sex was common and tolerated.

25.    As a result of Defendant's unlawful sexual harassment, Plaintiff has suffered and continues to suffer damages.

WHEREFORE, Plaintiff prays for the following damages against Defendant:

      a.    Back pay and benefits;

      b.    Interest;

      c.    Front pay and benefits;

      d.    Compensatory damages;

      e.    Pecuniary and non-pecuniary losses;

      f.    Costs and attorney's fees;

3

Whistleblower's Act for which Defendant is liable.

32.      As a result of Defendants unlawful retaliation, Plaintiff has suffered and continues to suffer damages.

WHEREFORE, Plaintiff prays for the following damages against Defendant,

MCDONALD'S CORPORATION:

        a.      Bay pay and benefits;

        b.      Interest on back pay;

        c.      Front pay and/or lost earning capacity;

        d.      Compensatory damages;

        e.      Costs and attorney's fees;

        f.      For any other relief this Court deems just and equitable.

### DEMAND FOR JURY TRIAL

33.      Plaintiff demands a trial by jury on all issues so triable.

Dated this _25th_ day of _March_, 2008.

FLORIN, ROEBIG, P.A.

Wolfgang M. Florin, Esq.
Christopher D. Gray, Esq.
Florida Bar Nos.: 907804; 902004
2255 Glades Road – Suite 324ABoca
Raton, Florida 33431
(561) 989-5414
(561) 989-5416 facsimile
Attorneys for Plaintiff

5

g.     Punitive damages; and

h.     For any other relief this Court deems just and equitable.

## COUNT II
## RETALIATION PURSUANT TO FLA. STAT. CHAPTER 760

26.    Plaintiff realleges and adopts the allegations stated in Paragraphs 1 - 17.

27.    Plaintiff suffered an adverse employment action for opposing an employment practice made unlawful by Florida Statutes Chapter 760.

28.    As a result of Defendant's unlawful retaliation, Plaintiff has suffered and continues to suffer damages.

a.     Back pay and benefits;

b.     Interest on back pay and benefits;

c.     Front pay and benefits;

d.     Compensatory damages;

e.     Pecuniary and non-pecuniary losses;

f.     Costs and attorney's fees;

g.     Punitive damages; and

h.     For any other relief this Court deems just and equitable.

## COUNT III
## (Florida's Private Whistleblower Act)

29.    Plaintiff realleges and adopts the allegations stated in Paragraphs 1 - 17.

30.    The Plaintiff suffered adverse employment actions for opposing an employment practice made unlawful by Florida Statutes Chapter 760.

31.    The above-described acts of retaliation constitute a violation of the Florida Private

4

EXHIBIT "A"

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974; See Privacy Act Statement before completing this form.

| AGENCY | CHARGE NUMBER |
|---|---|
| ✓ FEPA | |
| ✓ EEOC | |

State or local agency, if any: **Florida Commission On Human Relations and EEOC**

| Name (Indicate Mr., Mrs., Ms.) | HOME TELEPHONE (Include Area Code) |
|---|---|
| Shernetta Bryant | (772) 778-2698 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | DATE OF BIRTH |
|---|---|---|
| 4596 32nd Ave. | Vero Beach, FL 32967 | December 27, 1988 |

NAME OF THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (If more than one, list below)

| NAME | NUMBER OF EMPLOYEES, MEMBERS | TELEPHONE (Include area code) |
|---|---|---|
| McDonald's Corporation | 70+ | 772-569-2230 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| 5875 20th Street | Vero Beach, Florida 32966 | Indian River |

| NAME | NUMBER OF EMPLOYEES, MEMBERS | TELEPHONE (Include area code) |
|---|---|---|
| | | |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| | | |

CAUSE OF DISCRIMINATION BASED ON (Check appropriate box(es))

RACE ☐   COLOR ☐   SEX ☒   RELIGION ☐   NATIONAL ORIGIN ☐

RETALIATION ☒   AGE ☐   DISABILITY ☐   OTHER (Specify)_____

| DATE DISCRIMINATION TOOK PLACE | |
|---|---|
| EARLIEST | LATEST |
| 06//07 | 07/07 |

THE PARTICULARS ARE (If additional space is needed, attach extra sheet(s))

I: **PERSONAL HARM:**

I was employed by McDonald's of Vero West as a cashier from January, 2007 until July, 2007. Beginning in approximately June, 2007, I began being sexually harassed by my Store Manager, Kurt Dolittle. Although I complained to management and Human Resources, nothing was done. After I reported the sexual harassment, I was retaliated against, transferred to a store location much farther from my home, had my pay reduced and was constructively discharged.

II: **RESPONDENT'S REASON FOR ADVERSE ACTION:**

No reason was given for the adverse action.

III: **STATEMENT OF DISCRIMINATION**

I believe I was sexually harassed on the basis of my sex, female, and retaliated against in violation of Title VII of the Civil Rights Act of 1964, as amended, and the Florida Civil Rights Act, F.S. Ch. 760.

Susan Congdon
My Commission DD348134
Expires August 19, 2008

NOTARY - (When necessary for State and Local Requirements)

☒ I want this charge filed with both the EEOC and the State or local agency, if any. I will advise the agencies if I change my address or telephone number and cooperate fully with them in the processing of my charge in accordance with their procedures.

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

I declare under penalty or perjury that the foregoing is true and correct.

DATE 8/2/07   CHARGING PARTY (Signature)

SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (Day, month, and year) August 2, 2007

EEOC FORM 5 (Rev. 06/92)

# TAB B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

SHERNETTA BRYANT,
               Plaintiff,

v.

                            CASE NO. _____

MCDONALD'S CORPORATION,

               Defendant.

_____/

### DECLARATION OF KATHLEEN H. NAATZ

Kathleen H. Naatz, a resident of DuPage County, Illinois under penalty of perjury and from personal knowledge, makes the following declaration:

    **1.**    I am a Labor Relations Manager for McDonald's Corporation ("McDonald's"). In this capacity, I am familiar with the corporate structure of McDonald's, the Defendant in the above-style action.

    **2.**    McDonald's is, and has been, a corporation incorporated in and organized under the laws of the State of Delaware, with its principle place of business in Illinois.

**FURTHER AFFIANT SAYETH NAUGHT.**

Pursuant to 28 U.S.C. § 1746(2), I declare under penalty of perjury that the statements in this declaration consisting of one (1) page are true and correct.

Executed on this 29th day of April, 2008.

                                       Kathleen H. Naatz

1-MI/618069.1

# TAB C

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

CASE NO.

SHERNETTA BRYANT,
                    Plaintiff,

v.

MCDONALD'S CORPORATION,

                    Defendant.
_____/

## DEFENDANT'S LIST OF REMOVAL DOCUMENTS

Defendant, McDONALD'S CORPORATION, pursuant to 28 U.S.C. §§ 1446(a), and

Middle District of Florida Local Rule 4.02(b), files the following documents constituting all

process, pleadings, and orders existing on file in the State court in this removed action:

1.  Civil Cover Sheet (Exhibit A)

2.  Summons (Exhibit B);

3.  Plaintiff Original Complaint (Exhibit C);

4.  Defendant's Notice of Filing Notice of Removal (Exhibit D).

I-MI/618082.1

20 of 24

MORGAN, LEWIS & BOCKIUS LLP
5300 WACHOVIA FINANCIAL CENTER, 200 S. BISCAYNE BOULEVARD, MIAMI, FLORIDA 33131-2339 · TELEPHONE (305) 415-3000

# TAB D

IN THE CIRCUIT COURT OF THE
NINETEEN JUDICIAL CIRCUIT
IN AND FOR INDIAN RIVER
COUNTY, FLORIDA

CIVIL DIVISION

SHERNETTA BRYANT,                          CASE NO. 2008-773 CA-17

        Plaintiff,

v.

MCDONALD'S CORPORATION,

        Defendant.

_____/

## NOTICE OF FILING NOTICE OF REMOVAL

Defendant, McDONALD'S CORPORATION, hereby gives notice that it has removed this cause to the United States District Court for the Southern District of Florida. A copy of the Notice of Removal, without attachments, is attached hereto as Exhibit A. In accordance with Title 28 of the United States Code, no further proceedings should be held in the Circuit Court of the Nineteenth Judicial Circuit, in and for Indian River County, Florida.

1-MI/618073.1

MORGAN, LEWIS & BOCKIUS LLP

22 of 24   5300 WACHOVIA FINANCIAL CENTER, 200 S. BISCAYNE BOULEVARD, MIAMI, FLORIDA 33131-2339 · TELEPHONE (305) 415-3000

Dated this ⁷ᵗʰ day of April, 2008.

Respectfully submitted,

_____
Anne Marie Estevez
Florida Bar No. 991694
E-Mail: aestevez@morganlewis.com
Madid C. Gonzalez
Florida Bar No. 0338760
E-Mail: mcgonzalez@morganlewis.com
Morgan, Lewis & Bockius LLP
Attorneys for Defendant
5300 Wachovia Financial Center
200 South Biscayne Boulevard
Miami, FL 33131-2339
Telephone: 305.415.3330
eFacsimile: 877.432.9652

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished via U. S. Mail to Wolfgang M. Florin, Esquire and Christopher D. Gray, Esquire, Attorneys for Plaintiff, Florin Roebig, P.A., 2255 Glades Road, Suite 324A, Boca Raton, Florida 33431, this ⁷ᵗʰ day of April, 2008.

_____
Madid C. Gonzalez

1-MI/618073.1

2

MORGAN, LEWIS & BOCKIUS LLP
5300 WACHOVIA FINANCIAL CENTER, 200 S. BISCAYNE BOULEVARD, MIAMI, FLORIDA 33131-2339 · TELEPHONE (305) 415-3000

23 of 24

OJS 44 (Rev. 11/05)

# CIVIL COVER SHEET

ELECTRONIC
**APR. 29, 2008**

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, e
This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil
ON THE REVERSE OF THE FORM). **NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.**

## I. (a) PLAINTIFFS

SHERNETTA BRYANT

## DEFENDANTS

McDONALD'S CORPORATION

(b) County of Residence of First Listed Plaintiff Indian River County
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)

(c) Attorneys (Firm Name, Address, and Telephone Number)
Wolfgang M. Florin, Esq.
Florin Roebig, P.A.
2255 Glades Road, Suite 324A
Boca Raton, Florida 33431
Telephone.: 561.989.5414

**ATTORNEYS (IF KNOWN)**
Anne Marie Estevez, Esq.
Morgan, Lewis & Bockius LLP
5300 Wachovia Financial Center
200 South Biscayne Boulevard
Miami, Florida 33131-2339, TELEPHONE: 305.415.3330

(d) Check County Where Action Arose ☐ MIAMI-DADE ☐ MONROE ☐ BROWARD ☐ PALM BEACH ☐ MARTIN ☐ ST. LUCIE ☒ INDIAN RIVER ☐ OKEECHOBEE HIGHLANDS

## II. BASIS OF JURISDICTION (Place An 'X' in One Box Only)

☐ 1 U.S. Government Plaintiff

☐ 3 Federal Question (U.S. Government Not A Party)

☐ 2 U.S. Government Defendant

☒ 4 Diversity (Indicate Citizenship Of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an 'X' in One Box for Plaintiff
(For Diversity Cases Only) and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

*FTP 08cv1455-Graham/Lynch*

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment Enforcement of Judgment | ☐ 330 Federal Employers Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced & Corrupt Organization |
| ☐ 152 Recovery of Defaulted Student Loans (Excl.Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| ☐ 196 Franchise | | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting and Disclosure Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☒ 442 Employment | **HABEAS CORPUS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Def.) | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS-Third Party 26 USC 7609 | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities Employment | ☐ 540 Mandamus & Other | | | |
| ☐ 290 All other Real Property | ☐ 446 Amer. w/Disabilities Other | ☐ 550 Civil Rights | | | |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

☐ 1 Original Proceeding ☒ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ 6 Multidistrict Litigation ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. RELATED/RE-FILED CASE(S)

(See instructions second page)
a) Re-filed Cases: ☐ Yes ☒ No   b) Related Cases: ☐ Yes ☒ No
JUDGE _____ DOCKET NUMBER _____

## VII. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (Do not cite jurisdictional statutes unless diversity)

LENGTH OF TRIAL via 3 days estimated (for both sides to try entire case)

## VIII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ Unspecified

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE

SIGNATURE OF ATTORNEY OF RECORD

DATE 4-29/08

FOR OFFICE USE ONLY

AMOUNT $350.00 RECEIPT # 979324 IFP _____

04/29/08

1-MI/618076.1

24 of 24